**FISHING HOT SPOTS, INC., Plaintiff,**

v.

**SIMON & SCHUSTER, Defendant.**

No. 89-C-812.

United States District Court,
E.D. Wisconsin.

Sept. 18, 1989.

Paul R. Puerner, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Russell J. Barron, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On August 10, 1989, the court granted the plaintiff's motion for a preliminary injunction barring the defendants from continued infringement of Trademark Registration No. 1,448,471. The decision and order of August 10, 1989, did not address the question of the plaintiff's posting security. The defendant has now filed a motion for an order requiring the plaintiff to provide security in the amount of $50,-000.00. The plaintiff has not opposed the requirement of a security per se, but, rather, challenges the failure of the defendant to provide a factual basis for arriving at the figure of $50,000.00. For reasons stated herein, the court will require the plaintiff to post security in the amount of $15,-000.00.

■ The defendant relies on *Reinder Brothers, Inc. v. Rain Bird Sales Corp.*, 627 F.2d 44, 54 (7th Cir.1980), for the proposition that the court " 'should entertain and expressly rule on' a request for security 'and that, absent extraordinary circumstances, the court errs in not granting it.' " *Reinder Brothers* involved a suit brought under the Wisconsin Fair Dealing Law in which a preliminary injunction was issued pursuant to Rule 65, Federal Rules of Civil Procedure. Rule 65(c) provides that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper...."

However, in the case at bar, the defendant did not seek and the court did not issue a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure; the preliminary injunction was issued under trademark law, pursuant to 15 U.S.C. § 1116(a) which provides:

The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, ...

Section 1116(a) is a jurisdictional provision under trademark law that vests the district court with the discretionary authority to define the terms for the issuance of an injunction in accordance with the principles of equity. The language in § 1116(a) delineates the extent and scope of the authority to grant preliminary injunctions

748

vested in the district court. It is a fundamental tenet of statutory construction that "[i]n the absence of strong indicia of a contrary congressional intent, [the courts] are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Middlesex Cty. Sewerage Auth. v. Sea Clammers*, 453 U.S. 1, 15, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1980). The court can find no case law in support of the notion that Congress intended that in a trademark case Rule 65 should operate to limit that grant of authority contained in § 1116(a). Accordingly, the court is unpersuaded by the defendant's assertion that Rule 65(c) *requires* the court to grant its motion.

■ Nevertheless, I believe that the defendant is entitled some degree of security. In the decision and order of August 10, 1989, I opined that the balance of harms weighed strongly in favor of the plaintiff. At the preliminary injunction hearing, it was brought out that the defendant had only a modest investment in the infringing product line; six thousand copies of the "Fishing Hotspots" booklet had been distributed as of that date.

Therefore, IT IS ORDERED that the plaintiff be and hereby is required to post a bond with the clerk of this court in the amount of $15,000.

IT IS ALSO ORDERED that in the event said bond is not posted by the close of business on September 29, 1989, the preliminary injunction issued on August 10, 1989, will dissolve and be of no further force.